## VALLEY IRON WORKS v. T. B. WOOD'S SONS. CO.

(Circuit Court of Appeals, Third Circuit. April 5, 1912.)

No. 1,588.

PATENTS (§ 328*)—VALIDITY AND INFRINGEMENT—SHAFT-HANGER.

The Wood patent, No. 790,609, for a shaft-hanger, was not anticipated, and discloses invention, and the device is one of utility and merit; also *held* infringed.

Appeal from the Circuit Court of the United States for the Middle District of Pennsylvania.

Suit in equity by T. B. Wood's Sons Company against the Valley Iron Works. Decree for complainant, and defendant appeals. Affirmed.

For opinion below, see 191 Fed. 196.

Fenelon B. Brock (William P. Beeber, on the brief), for appellant. Edwin J. Prindle (Arthur Wright, on the brief), for appellee.

Before GRAY and BUFFINGTON, Circuit Judges, and YOUNG, District Judge.

YOUNG, District Judge. This is an appeal from a decree of the Circuit Court of the United States for the Middle District of Pennsylvania, sustaining the validity of patent to Charles O. Wood, No. 790,609, granted May 23, 1905, for improvement in shaft-hangers. The sole question in the case is as to the validity of the patent.

The patentee in his application described the object of his invention to be as follows:

"The object of my invention has been to provide a shaft-hanger, which shall have, among others, the qualities of being easily adjustable, to accommodate variations in the relative positions of the shafting and hanger, and which shall be simple and cheap; and to such ends my invention consists in the shaft-hanger hereinafter specified."

This he accomplishes in the manner set out in his specifications and drawings. His patent was allowed for the following claims:

"1. In a shaft-hanger, the combination of an open frame, upper and lower vertical screws threaded in said frame, a bearing-box supported between

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

said screws and having on its upper and lower sides cylindrical surfaces whose axes are transverse to the axis of the bearing, said surfaces being engaged by said screws and being surrounded by flanges, said engaging ends of said screws being flat and of sufficient width to prevent rotation of said bearing-box on the shaft, and horizontal screws in the frame whose ends engage the sides of the box.

"2. In a shaft-hanger, the combination of an open frame, upper and lower vertical screws threaded in said frame, a bearing-box supported between said screws and having on its upper and lower sides cylindrical surfaces whose axes are transverse to the axis of the bearing, said surfaces being engaged by said screws and being surrounded by flanges, said engaging ends of said screws being flat and of sufficient width to prevent rotation of said bearing-box on the shaft, and horizontal screws in the frame, whose ends engage the sides of the box, said horizontal screws being adjustably mounted in vertical slots in the frame."

The expert, Joseph H. Freeman, called on behalf of the complainant, very clearly and concisely describes the claims as embodying the following elements in combination:

"(1) 'An open frame.'   (2) 'Upper and lower vertical screws threaded in said frame'; the box-engaging ends of said screws being defined as 'flat and of sufficient width to prevent rotation of said bearing-box on the shaft.'   (3) 'Bearing box supported between said screws and having on its upper and lower sides cylindrical surfaces whose axes are transverse to the axis of the bearing, said surfaces being engaged by said screws and being surrounded by flanges.'   (4) 'Horizontal screws in the frame whose ends engage the sides of the box.'

"In claim 2 the horizontal screws, forming the fourth element of the combination, are defined as 'being adjustably mounted in vertical slots in the frame.'"

The invention thus appears to consist of a combination by which the box which supports the shaft may be readily adjusted to any position of the shaft vertically and horizontally with firmness and accuracy. The patent accomplishes this by means of horizontal screws on the sides and large screws on the top and bottom; these last screws having plain surfaces, but bearing upon a countersunk cylindrical surface or a flanged cylindrical surface. The surface upon which the flat screw bears allows a variation in position of the box; but, when once adjusted, the flat surface of the screw has sufficient bearing to prevent further movement when the large screw or flange is fastened with a set screw. Unless, then, there was prior use or a prior patent, this patent is valid, because it is new and useful. It is extremely simple in detail, and no doubt cheap. It really presents in simple form a combination by which a shaft-hanger may adjust itself to a shaft in every direction, and when once adjusted may be firmly secured in position, affording thus freedom from friction and stability of position.

The prior patents set up are very clearly described by the expert witness. Each of these patents is described and explained by the witness, and his evidence shows that none of them anticipated the patent in suit. At the argument counsel for appellant only insisted on the Dierker patent, No. 159,909; Crowell, No. 272,861; Crowell, No. 278,404; Johnson, No. 20,566; Hubbard, No. 80,546; and Hallowell, No. 710,191. The witness is very clearly of the opinion that none of the patents anticipate appellee's patent. The reasons assigned by the expert are very persuasive, and from a careful exam-

ination of them we do not find that the universal adjustment can be found in any of them as in appellee's. We are particularly impressed by this on an examination of the patent in suit in comparison with the others, and also by the fact that, after a natural adjustment by the moving of the shaft (the hanger-box adapting itself to any position of the shaft), the box can be firmly screwed in the desired position by means of horizontal screws at the sides of the box and by the large flat vertical screw bearing upon the cylindrical surface upon the upper and lower sides of the box, and then fixed by a set screw in the large flat screw; the flat screw being prevented by the countersink of flange from escaping from the top or bottom of the box.

Nor has appellant established any prior use at all similar when carefully examined, as shown by the blue prints at pages 151 and 152 of the record.

We regard the patent as one showing clear inventive genius, result-ing in a most simple, cheap, and useful appliance, much needed in the practical manufacturing world.  The validity of the patent should be sustained.

We therefore affirm the decree of the court below.