## T. B. WOOD'S SONS CO. v. VALLEY IRON WORKS.

(Circuit Court of Appeals, Third Circuit. March 27, 1914.)

No. 1802.

PATENTS (§ 328*)—VALIDITY AND INFRINGEMENT—SHAFT HANGER.
  The Wood patent, No. 790,609, for a shaft hanger, construed, and held not infringed.

Appeal from the District Court of the United States for the Middle District of Pennsylvania; Chas. B. Witmer, Judge.

Suit in equity by the T. B. Wood's Sons Company against the Valley Iron Works. Decree for defendant, and complainant appeals. Affirmed.

For opinion below, see 206 Fed. 172.

Prindle & Wright, of New York City, for appellant.

Brock, Beeken & Smith, of New York City, and Wm. P. Beeber, of Williamsport, Pa., for appellee.

Before GRAY, BUFFINGTON, and McPHERSON, Circuit Judges.

BUFFINGTON, Circuit Judge. In the court below T. B. Wood's Sons Company, the plaintiff, by its bill charged the Valley Iron Company with infringing patent No. 790,609, granted May 23, 1905, to Charles D. Wood, for a shaft hanger. That court, in an opinion reported at 206 Fed. 172, held infringement had not been established. From a decree dismissing the bill, plaintiff appealed.

This patent was before the lower court in 191 Fed. 196, and before

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

this court in 196 Fed. 780, 116 C. C. A. 46. The three cases cited so fully describe the device in question that reference thereto obviates restatement here. In our opinion (196 Fed. 780, 116 C. C. A. 46) we noted that the surfaces on the top and on the bottom of the bearing-box, with which the large top and bottom screws engaged to hold the box, were cylindrical in form, and that this cylindrical form had the functional effect of allowing a variation in the position of the box. What we there said was:

"The invention thus appears to consist of a combination by which the box which supports the shaft may be readily adjusted to any position of the shaft vertically and horizontally with firmness and accuracy. The patent accomplishes this by means of horizontal screws on the sides and large screws on the top and bottom; these last screws having plain surfaces, but bearing upon a countersunk cylindrical surface or a flanged cylindrical surface. The surface upon which the flat screw bears allows a variation in position of the box; but, when once adjusted, the flat surface of the screw has sufficient bearing to prevent further movement when the large screw or flange is fastened with a set screw."

The cylindrical form was thus noted in pursuance of the disclosures of the specification and the limitations of the claims. In that regard the specification says, referring to accompanying figure:

"The bolt E bears against a surface c upon the under side of the bearing-box, which surface is countersunk or is surrounded with a rib to prevent the escape of the box from engagement with the ends of the bolt E, and which *surface is curved transversely to the end of the box, so that the box can rock upon the end of the screw or plunger E with the shaft to accommodate itself to the cutter.* * * * The surfaces c and c' are struck from a common center, so that, in effect, they form, with the screws or plungers E and F, a ball and socket joint. * * * It will be seen that the bearing-box, while strongly and firmly supported, can rock vertically longitudinally of the shafting, owing to the curvature of the surfaces c and c'."

Such cylindrical surfaces were likewise embodied in all claims granted, viz.:

"A bearing-box supported between said screws and having on its upper and lower sides cylindrical surfaces whose axes are transverse to the axis of the bearing."

Indeed, an examination of the file wrapper shows that the grant of the patent was urged on applicant's insistence that:

"The cylindrical surfaces *c c'* on the bearing-box permit the box to rock vertically. * * * Because of the fact that the axes of the cylindrical surfaces are transverse to the shaft, * * * the box can be adjusted vertically without disturbing the vertical screws."

Such being the limited character of plaintiff's patent, it follows, as is sufficiently pointed out at length in the opinion below (206 Fed. 173), that the defendant's structure, with its flat, noncylindrical, surfaces on the top and bottom of the bearing-box, does not infringe.

The decree below is therefore affirmed.